# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case Number 4:07CR2 |
| | § | (Judge Crone) |
| THO MY TIEU (3) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing to consider Defendant Tho My Tieu's Motion to Suppress Evidence. (Docket No. 101).  The only issue for consideration is whether Defendant consented to the search of her car.  The government presented testimony from three agents and police officers.  The Defendant and her son testified.

In determining whether a search is voluntary, the Court must apply the test set forth in *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S. Ct. 2041, 2047, 36 L. Ed. 854 (1973); *see also United States v. Olivier-Becerril*, 861 F.2d 424, 425 (5th Cir. 1988).  Six elements are analyzed in determining whether, under a totality of the circumstances, the search was consensual. *Id*.

On January 22, 2007, approximately six agents and police officers went to Defendant's residence with a warrant for her arrest.  The agents knocked on the door several times in an attempt to get a response.  Agents testified that a man peered out the window but did not answer the door. After a period of time, Defendant's son answered the door.   A Vietnamese police officer, Cho Nguyen, accompanied the agents.  The agents motioned for Defendant to come outside.  All agents testified that Officer Nguyen asked Defendant in Vietnamese for consent to search the premises.  Agent Keith Olson requested that Officer Nguyen ask for her consent and Officer

Nguyen testified that he did so, and that the Defendant replied, "okay."  Defendant and her son deny that any request for consent was asked for or given.  However, the Court finds that the testimony of Officer Nguyen is very credible.  He was asked to act as an interpreter and had no role in the investigation of this case.  The Court finds that Defendant's son was less than credible and in fact his testimony was negated by that of his mother.

Officer Marcus West, and Officers Olson and Nguyen also testified that Defendant gave her consent for the search of a safe, and in addition, when keys were found in the safe, gave consent for the search of her car.  Drug paraphernalia and residue of illegal drugs were found in the house.  In the trunk of the car, agents found twenty-six kilograms of cocaine.  Of course, Defendant denies she ever gave consent or was asked to give consent, and in fact said she was told that if she did not open the safe, the officers would have it opened.

Although the officers' versions of when consent to search the house was initially given, all agree that Defendant gave her consent.  All also agree that she freely gave consent for the search of the vehicle.  Once again, Officer Nguyen, whose status was that of an interpreter, testified that  Defendant gave her consent in Vietnamese. Officer Nguyen also demonstrated in Vietnamese his questions and her response. Defendant also testified that she understood the questions Officer Nguyen asked her. Officer Nguyen testified that he is native fluent in Vietnamese.

Applying the six factor test, the Court finds that the consent to search was voluntary by a preponderance of the evidence.

1.  Defendant's custodial status was not voluntary and this finding weighs in favor of the Defendant.

2.   The officers did not inform Defendant of her right to refuse consent. However, the officers were not required to so inform her. *Schneckloth*, 412 U.S. at 232.

3.   There were no coercive police procedures used in the search.  The officers and  Defendant testified that no such procedures were used.  This factor weighs in favor of the government.

4.   Defendant cooperated fully with the officers.  Each officer testified that Defendant was cooperative and calm throughout the search process.  Defendant testified that she did not question why the officers were there or why they were conducting a search.  This factor weighs in favor of the Government in that it does not demonstrate duress or confusion on the part of Defendant.

5.   The Court finds that Defendant's intelligence and education was sufficient to demonstrate that she knew what questions were directed to her by officers and gave voluntary consent.  This factor weighs in support of the government.

6.   The final consideration is whether Defendant believed that no incriminating evidence would be found.  No direct testimony was elicited on this point.  However, the Court notes that there was a considerable length of time between when officers first arrived and when Defendant's son answered the door.  Drug materials were found in the house.  Defendant testified that she did not own the car in which the twenty-six kilograms of cocaine were found.   In addition to Defendant and her children, her boyfriend was also in the house.  Other people could very well have had access to the car and drugs.  The Court finds that this factor weighs in the government's favor.

Applying the standard noted above, the Court finds that under a totality of the circumstances, Defendant's consent was knowingly and voluntarily given.

Defendant's Motion to Suppress should be DENIED.

## RECOMMENDATION

The Court recommends that the District Court DENY Defendant's Motion to Suppress.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A.  § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of April, 2007.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE